UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ELIZABETH THOMAS, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 4:13-CV-1479 |
| | § | |
| MIRAMAR LAKES HOMEOWNERS | § | |
| ASSOCIATION, *et al*, | § | |
| | § | |
| Defendants. | § | |

## OPINION AND ORDER

Pending before the Court is Defendants Miramar Lakes Homeowners Association ("the Association") and Sterling Association Services, Inc.'s ("Sterling"), (collectively "Defendants"), Motion for Judgment on the Pleadings (Doc. 25), Sterling's Motion to Enforce the Settlement Agreement (Doc. 31), and Plaintiff Elizabeth Thomas's ("Thomas") Notice of Voluntary Dismissal (Doc. 34).[1] Having considered the pleadings, the factual and procedural history of the dispute, and the applicable law, the Court concludes that (i) Thomas's motion to dismiss should be denied; (ii) Defendants' motion for judgment should be granted; and (iii) Sterling's motion to enforce should be dismissed as moot.

## I.      Factual Background

This case arises from a dispute between Thomas and the Association over unpaid maintenance assessments. (Doc. 26). In her complaint, Thomas vaguely asserts that "Defendants sought to collect a time barred debt [sic] from Plaintiff" using a "deceptive scheme." (*Id.* ¶¶ 7,

---

[1] Responsive pleadings include Thomas's Response in Opposition to Defendants' Motion for Judgment (Doc. 27); Defendants' Response to Thomas's Notice of Dismissal (Doc. 35); Thomas's Reply in support of her Notice of Dismissal, styled as "Plaintiff's Notice of Voluntary Dismissal and to Strike" (Doc. 36); and Sterling's Sur-reply (Doc 37).

12). Although Thomas's complaint lacks details regarding the basis for her allegations, some relevant facts can be gleaned from the exhibits attached to her complaint. On May 10, 2012, the Law Offices of Michael O'Neal ("O'Neal"),[2] a firm retained by the Association to represent it in connection with Thomas's debt, sent Thomas a verification of debt letter, at her request, indicating a balance owed of $776.10. (Debt Verification, Doc. 1-2 at 5–6). The letter explained that Thomas was in default under the terms of her agreement with the Association and that the Association had recorded a lien against her property. (*Id.*). On August 10, 2012, an assistant at the O'Neal firm sent Thomas an email stating that if she would like to request a verification of debt, she needed to submit her request in writing, along with her name, address, and a date. (Aug. 10 Email Correspondence, Doc. 1-1 at 3; Doc. 26 ¶ 10).  Thomas alleges that she sent O'Neal a written request for debt verification via certified mail on August 10, 2012.  (Doc. 26 ¶ 11). On September 12, 2012, another assistant at the O'Neal firm sent Thomas a .pdf copy of the May 10 debt verification letter. (Sept. 12 Email Correspondence, Doc. 1-1 at 4). On October 4, 2012, the Association sent Thomas a new accounting including amounts for legal fees incurred by the Association for the O'Neal firm's services between May 30, 2012 and September 23, 2012. (Doc. 26 ¶ 21). Thomas complains that O'Neal is a third-party debt collector that is neither licensed nor bonded in accordance with Texas law. (*Id.* ¶ 9).

Thomas claims that she has consistently disputed the amount of her debt by "sending….dispute letters [and] requesting verification of debt…" (*Id.* ¶ 20). She alleges that during the on-going dispute, Defendants have used "abusive racial language" towards her. (*Id*. ¶¶ 22, 30–31). She claims, for example, that the Association told her that as an African-American she has limited rights in the South, and that the Association implied it would use its connections

---

[2] Thomas agreed to dismiss her claims against The Law Offices of Michael O'Neal with prejudice under Federal Rule of Civil Procedure 41(a) on February 7, 2014. (Stip. of Dismissal, Doc. 28).

to local law enforcement to harass her and her family. (*Id*. ¶ 22). Similarly, Thomas claims Sterling has interfered with her right to live in peace by having strangers park outside her home and "use[] abusive racial language toward [her] too improper to even recount in this complaint." (*Id.* ¶30). She alleges that Sterling has also "implicat[ed] through verbal statements that because [Thomas] is African American she has no equal protection rights in the South and the State of Texas." (*Id*. ¶ 31).

## II.    Procedural History

Thomas, acting pro se, filed her original complaint (Doc. 1) on May 20, 2013, alleging that Defendants violated numerous provisions of the Fair Debt Collection Practices Act ("FDCPA," 15 U.S.C. § 1692, *et seq*.), § 901 of the Civil Rights Act of 1968 ("Fair Housing Act," 42 U.S.C. §3631), numerous provisions of the Texas Debt Collection Act ("TDCA", TEX. FIN. CODE § 392, *et seq*.) and the Texas Deceptive Trade Practices-Consumer Protection Act ("DTPA", TEX. BUS. & COM. CODE § 17), and § 5.077 of the Texas Property Code. In addition the complaint alleged that the Defendants had committed identity fraud under 18 U.S.C. § 1028.

Defendants filed a motion for judgment on the pleadings, under Federal Rule of Civil Procedure 12(c), arguing that all of Thomas's claims should be dismissed with prejudice. Defendants argued first that the claims for identity fraud and violation of the Fair Housing Act should be dismissed because 18 U.S.C. § 1028 and 42 U.S.C. §3631 are both criminal statutes with no private cause of action. (Doc. 25 ¶¶ 18–19). The alleged violation of § 5.077 of the Texas Property Code should be dismissed because the statute is not applicable based on the facts alleged in Thomas's complaint. (*Id*. ¶¶ 23–24). Lastly, the claims related to unlawful debt collection practices should be dismissed as they are based on "conclusory and unsupported allegations" that lacked factual support. (Doc. 25 ¶¶ 28–29).

Less than one month after Defendants' filed their motion for judgment on the pleadings, Thomas, with the aid of retained legal counsel (*See* Notice of Appearance by Lu Ann Trevino, Doc. 24), filed an amended complaint (Doc. 26) and a response to Defendants' motion (Doc. 27). Thomas's response states simply that Defendants' motion is "moot" due to the filing of her amended complaint. (Doc. 27). Thomas's amended complaint, although shorter than her original complaint, is similarly conclusory and lacking in factual details. (*See* Doc. 26 ¶¶ 7–23). Thomas does, however, eliminate the majority of her claims. (*See Id.* ¶¶ 33). Her amended complaint asserts only one claim each against the two remaining Defendants.[3] Thomas alleges that the Association violated § 392.306 of the Texas Finance Code by employing debt collectors known to violate the TDCA. (*Id.* ¶ 33).  She also alleges that Sterling violated § 901 of the Civil Rights Act of 1968 by threatening and intimidating her and her family based on their race. (*Id.* ¶ 28–31).

On February 3, 2014, the parties engaged in mediation but could not reach an agreement. (Doc. 31 ¶ 1). Thereafter, Thomas's counsel, Lu Ann Trevino, engaged in settlement negotiations with Defendants, and ultimately signed an agreement with Defendants to settlement Thomas's claims for $5,000.00.  (*Id.* ¶¶ 2–6; Feb. 10–13 Email Correspondence, Doc. 31-3; Proposed Stipulation of Dismissal, Doc. 31-5; Feb. 13 Settlement Agreement Letter, Doc. 31-6; Feb. 14 Email Correspondence; Doc. 31-7; Signed Settlement Agreement, Doc. 31-8). Under the terms of the alleged agreement, Thomas agreed to dismiss her claims against all Defendants with prejudice. (Doc. 31 ¶ 5). On February 24, Sterling mailed to Trevino a check for $5,000.00, payable to Thomas and Trevino, but Thomas never signed the release or the stipulation of dismissal. (*Id.* ¶¶ 7–8; Payment Letter, Doc. 31-9).

---

[3] The Court disregards Thomas's amended claims against O'Neal as those claims were dismissed with prejudice on February 10, 2014. (Order of Dismissal, Doc. 29).

On March 10, 2014, Trevino filed a motion to withdraw as attorney of record (Doc. 30), citing an inability to communicate effectively with Thomas a good cause for her motion. The Court granted Trevino's motion on March 11 (Order on Mot. to Withdraw, Doc. 33), and on March 13, Sterling filed a motion to enforce the settlement agreement (Doc. 31). On March 17, 2014, Thomas, once again acting pro se, filed a notice to voluntarily dismiss all remaining Defendants (Doc. 34). On March 21, 2014, Defendants filed a response in opposition to Thomas's notice of dismissal, requesting that the Court rule instead on the Defendants' motion for judgment on the pleadings, or, alternatively, Sterling's motion to enforce the settlement, before addressing Thomas's notice of voluntary dismissal. (Doc. 35). They argue that the Court has discretion in granting a dismissal when the dispute has reached a late stage and the parties have already expended a significant amount of time and resources. (*Id*. ¶ 5).

Thomas filed a reply in support of her notice of voluntary dismissal in which she reasserts that Defendants' motion for judgment on the pleadings is moot in light of her amended complaint, which she claims "added additional claims for relief," and also contends that she has a right to dismiss her claims under Federal Rule of Civil Procedure 41(a)(1(A)(i) because Defendants never filed a response to her amended complaint. (Doc. 36 ¶¶ 5, 12). Thomas also claims that she never agreed to a settlement with Defendants. (*Id.* ¶ 10). Defendants filed a sur-reply in opposition to Thomas's notice of voluntary dismissal in which they contend that their motion for judgment on the pleadings was not mooted by Thomas's amended complaint, as her amended complaint did not add any new claims that would warrant an amended answer or an amended motion for judgment on the pleadings. (Doc. 36 ¶ 2). They argue that their original answer and motion remain pending before the Court as they adequately address the claims in Thomas's amended complaint. (*Id.*).

### III.    Thomas's Notice of Voluntary Dismissal

Generally a motion for voluntary dismissal "should be freely granted unless the non-moving party will suffer some plain legal prejudice other than the mere prospect of a second lawsuit." *Elbaor v. Tripath Imaging, Inc.*, 279 F.3d 314, 317 (5th Cir. 2002). "Plain legal prejudice may occur when the plaintiff moves to dismiss a suit at a late stage of the proceedings or seeks to avoid an imminent adverse ruling in the case, or where a subsequent refiling of the suit would deprive the defendant of a limitations defense." *Harris v. Devon Energy Prod. Co. L.P.*, 500 F. A'ppx 267, 268 (5th Cir. 2012). Where an opposing party has already served an answer or motion for summary judgment, a plaintiff's voluntary dismissal of an action can be effected only by court order. FED. R. CIV. P. 41(a)(2). A court may refuse to grant a voluntary dismissal where a plaintiff "fails to seek dismissal until a late stage of trial, after the defendant has exerted significant time and effort." *Harris*, 500 F. A'ppx at 268; *Hartford Acc. & Indem. Co. v. Costa Lines Cargo Servs., Inc.*, 903 F.2d 352, 360 (5th Cir. 1990).

In this case, Thomas initiated her lawsuit in May 2013 and did not file her notice for voluntary dismissal without prejudice until March 17, 2014. During that time, Defendants appeared and answered Thomas's complaint, participated in scheduling conferences, briefed and filed a dispositive motion, and participated in out-of-court mediation and settlement negotiations, which Defendants allege were successful and dispositive of the case and now seek to enforce. Thomas does not provide a reason for her motion, other than to say that she no longer wishes to pursue her action.  (Doc. 34 ¶ 8). Based on the factual and procedural history of this case, the Court finds that Defendants will suffer plain legal prejudice if Thomas's case is dismissed at this late stage and she is given another opportunity to bring her claims. Therefore, Thomas's notice to

voluntarily dismissal is denied and the Court proceeds to consider Defendants' motion for judgment on the pleadings.

## IV.    Defendants' Motion for Judgment on the Pleadings

The parties dispute whether or not Thomas's amended complaint automatically renders moot Defendants' pending motion for judgment on the pleadings. Courts vary on this issue. *See Melson v. Vista World Inc. & Assocs.*, Civ. A. No. 12-135, 2012 WL 6002680, at *12 (E.D. La. Nov. 30, 2012) (citing 1 Steven S. Gensler, FEDERAL RULES OF CIVIL PROCEDURE, RULES AND COMMENTARY RULE 15 (2014)). Some courts have concluded that a pending 12(b)(6) motion to dismiss becomes moot upon the filing of an amended complaint. *Id.* at n.3 (aggregating cases). Other courts hold that an amended complaint will not automatically moot a pending motion to dismiss. *Id.* at n.4. (citing *Illiano v. Mineola Union Free Sch. Dist.*, 585 F. Supp. 2d 341, 349 (E.D.N.Y.2008) ("'When a plaintiff amends its complaint while a motion to dismiss is pending' the court may 'den[y] the motion as moot [or] consider[ ] the merits of the motion in light of the amended complaint.'"); *Patton Elec. Co. v. Rampart Air, Inc.*, 777 F. Supp. 704, 713 (N.D. Ind. 1991); *Tao of Sys. Integration, Inc. v. Analytical Servs. & Materials, Inc.*, 299 F. Supp. 2d 565, 570 (E.D. Va. 2004) (When a motion to dismiss is pending, a court should not automatically require a defendant to file a new motion to dismiss simply because an amended pleading is introduced)).  As explained in one legal treatise:

> Defendants should not be required to file a new motion to dismiss simply because an amended pleading was introduced while their motion was pending.  If some of the defects raised in the original motion remain in the new pleading, the court may simply consider the motion as being addressed to the amended pleading…To hold otherwise would be to exalt form over substance.

Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, FEDERAL PRACTICE AND PROCEDURE § 1476 (2010). The analysis pertaining to motions made under Rule 12(b)(6) is equally

applicable to the pending motion under Rule 12(c), as both motions serve a similar function.  *See Williams v. Jenkins*, 3:08CV69-M-A, 2009 WL 1323008, at *1 (N.D. Miss. May 12, 2009).

In this case, the Court finds that it is appropriate to consider Defendants' motion as though it were in response to Thomas's amended complaint. Although Thomas's amended complaint adds a statutory violation not specifically pled in the original complaint (TEX. FIN. CODE § 392.306), the new allegation is based on the same facts contained in her original complaint and shares the same legal source (Subchapter D of the TDCA). Furthermore, the arguments raised by Defendants in their motion for judgment on the statutory violations pleaded in the original complaint are equally applicable to the "new" claim in the amended complaint and the defects pointed out in Defendants' motion persist in Thomas's amended pleading. Consequently, Defendants' motion is not moot in light of Thomas's amended complaint and the Court will consider the motion on the merits.

A.    *Legal Standard*

Federal Rule of Civil Procedure 12(c) provides that "after the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." FED. R. CIV. P. 12(c). A motion brought pursuant to Rule 12(c) is "designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts." *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002) (quoting *Hebert Abstract Co. v. Touchstone Props., Ltd.*, 914 F.2d 74, 76 (5th Cir. 1990)). "A motion under Rule 12(c) for failure to state a claim is subject to the same standards as a motion to dismiss under Rule 12(b)(6)." *In re Great Lakes Dredge & Dock Co., LLC*, 624 F.3d 201, 209-10 (5th Cir. 2010). "The central issue is whether, in the light most favorable to the plaintiff, the complaint

states a valid claim for relief…there are no disputed issues of fact, and only questions of law remain." *Id.* at 312 (quoting *Hughes v. The Tobacco Inst., Inc.*, 278 F.3d 417, 420 (5th Cir. 2001)). "The issue is not whether the plaintiff will ultimately prevail, but whether he is entitled to offer evidence to support his claim. [T]he court should not dismiss the claim unless the plaintiff would not be entitled to relief under any set of facts or any possible theory that he could prove[.]" *Id.* at 313 (quoting *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999)).

### B.    Discussion

#### 1.    Texas Debt Collection Act

Plaintiff claims that the Association violated § 392.306 of the Texas Finance Code. Section 392.306 states, "A creditor may not use an independent debt collector if the creditor has *actual knowledge* that the independent debt collector repeatedly or continuously engages in acts or practices that are prohibited by this chapter." TEX. FIN. CODE § 392.306 (emphasis added). Chapter 392 of the TDCA prohibits debt collectors from making "fraudulent, deceptive, or misleading representations" concerning the "character, extent, or amount of a consumer debt" or from "using any other false representation or deceptive means to collect a debt or obtain information concerning a consumer." TEX. FIN. CODE § 392.304.

To support her TDCA claim, Thomas's amended complaint offers nothing more than a threadbare recitation of the statute.  She does not offer any facts showing that the Association had "actual knowledge," or any knowledge, that Sterling or the O'Neal firm "repeatedly or continuously" engaged in conduct prohibited by the TDCA. As such, Thomas has failed to state a claim for relief under this section and her claim is dismissed.

2.    *Fair Housing Act*

Thomas claims that Sterling violated § 901 of the Civil Rights Act of 1968, 42 U.S.C. § 3631, by interfering with her right to live in peace through threats and intimidation. Title 42 U.S.C. § 3631, however, is a criminal statute that does not provide a private cause of action. *See McZeal v. Ocwen Fin. Corp.*, 252 F.3d 1355, at *2 (5th Cir. 2001) (per curiam). Therefore, Thomas cannot maintain a claim under 42 U.S.C. § 3631.

The Fair Housing Act does, however, provide a civil remedy for interference or intimidation associated with the exercise of housing rights. Title 42 U.S.C. § 3617 makes it "unlawful to coerce, intimidate, threaten, or interfere with any person in the exercise or enjoyment of, or on account of his having exercised or enjoyed,…any right granted or protect by section 3603, 3604, 3605, or 3606 of this title." *See Tex. v. Crest Asset Mgmt., Inc.*, 85 F. Supp. 722, 732 (S.D. Tex. 2000).  The intimidation or coercion prohibited by § 3617 must bear some relationship to the plaintiff's exercise of housing rights protected by §§ 3603–3606. Sections 3603–3606 prohibit discrimination associated with, *inter alia*, the purchase or rental of a property, applications for loans or appraisals, or the provision of brokerage services. To state a claim under this section, "a plaintiff must show that (1) he engaged in a protected activity; (2) the defendant subjected him to an adverse action; and (3) a causal link exists between the protected activity and the adverse action."  *Walker v. City of Lakewood*, 272 F.3d 1114, 1128 (9th Cir. 2001).

Assuming Thomas had pleaded a violation of 42 U.S.C. § 3617 instead of 42 U.S.C. § 3631, she is still unable to maintain a claim thereunder. Thomas does not claim that Sterling's alleged harassment was in relation to her exercise of any housing right protected under the Fair Housing Act. In addition, she fails to provide facts establishing any connection between Sterling

and the alleged "strangers" parked in front of her home, and she fails to identify statements that would constitute intimidation or wrongful interference. Accordingly, Thomas has failed to allege facts sufficient to state a claim for relief under the Fair Housing Act.

In sum, Thomas has failed to allege any plausible claim for relief and Defendants are entitled to judgment on the pleadings.

## V.     Conclusion

For the foregoing reasons, it is hereby

**ORDERED** that Plaintiff Elizabeth Thomas's Notice of Voluntary Dismissal (Doc. 34) is **DENIED**. It is further

**ORDERED** that Defendants Miramar Lakes Homeowners Association and Sterling Association Services, Inc.'s Motion for Judgment on the Pleadings (Doc. 25) is **GRANTED**, and her case is dismissed with prejudice.   It is further

**ORDERED** that Defendant Sterling Association Services, Inc.'s Motion to Enforce the Settlement Agreement (Doc. 31) is rendered  moot.

SIGNED at Houston, Texas, this 6th day of August, 2014.

MELINDA HARMON
UNITED STATES DISTRICT JUDGE